## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Bryan "Shane" Jones, and <br> (2) Jennifer Jones, <br><br>                  Plaintiffs, <br><br> v. <br><br> (1) Julie Needham; <br> (2) Jacob Needham d/b/a Needham Trucking; <br> (3) Needham Trucking, LLC. <br><br>                  Defendants. | Case No. CIV-15-978-HE |

## COMPLAINT

Come now the Plaintiffs and in support of their Complaint, allege and state as follows:

### PARTIES

1. The Plaintiffs are husband and wife and reside near Erick, Beckham County, State of Oklahoma. The Plaintiff, Bryan "Shane" Jones was employed by Defendants.

2. Defendants Julie Needham and Jacob Needham are residents of Erick, Beckham County, State of Oklahoma, and are employed in the business of trucking under the name of Needham Trucking Co., LLC in Erick, Beckham County, State of Oklahoma.

3. Defendant Needham Trucking company is an LLC Oklahoma Corporation with principle offices in Erick, Beckham County, Oklahoma.

## JURISDICTION AND VENUE

4. This action is brought by the Plaintiffs under Title VII as a sexual harassment discrimination claim and involves violations of the Civil Rights Act of 1964, 29 C.F.R. § 1604.11(a), 42 U.S.C. Section 2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. Section 2000-5, together with various other statutory state and common law claims by virtue of pendant jurisdiction. The claims and defenses involved herein arise from Plaintiff Shane Jones' employment by the Defendants in Erick, Beckham County, State of Oklahoma.

## FACTS

### FIRST CHAPTER: "THE WORKPLACE"

5. The Plaintiff was employed as a mechanic. He was employed by Defendant Julie Needham. Defendant Julie Needham is in a management position with the Defendants Needham Trucking and Needham Trucking, LLC, and exercises both management and administrative control over the Plaintiff Shane Jones since he is an employee of the trucking company.

### SECOND CHAPTER: "THE PREDATOR"

6. Beginning in May of 2014, while Plaintiff was working as a mechanic, one of his supervisors, Julie Needham, made unwelcome sexual advances to Plaintiff. She approached him and, after reminding him of her position of authority over him at the trucking company, she initiated highly improper and sexually suggestive conversations. In addition to the improper statements, Julie Needham, in a suggestive manner, asked him to accompany her to a remote area of the trucking company where they could be alone. The Plaintiff Shane Jones was shocked and immediately refused and informed her that he was happily married.

He then reported the incidents to Johnathan Needham, the General Manager of Needham Trucking and a supervisor of Plaintiff Shane Jones.

Even though the Plaintiff rejected the unwelcome advances made by Julie Needham, she continued to relentlessly pursue him. She even bragged to Plaintiff Shane Jones that she had previously had sexual intercourse with the man who immediately proceeded the Plaintiff as the mechanic for the trucking company. She described the sexual affair in great detail and boasted, "It was the best sex ever." She continued to pursue him by frequently calling him on the telephone and by searching for him in the trucking company facilities. Wherever he was working, she would seek him out. She persisted in repeatedly telling him that she was attracted to him physically, and she wanted to engage in sexual intercourse with him. Moreover, Defendant Julie Needham repeatedly informed Plaintiff Shane Jones about intricate, personal and private sexual details involving Julie Needham and her husband. Defendant Julie Needham was very negative and critical regarding the status of her personal sexual relationship with her husband. Plaintiff Shane Jones consistently refused the advances of Defendant Julie Needham. He told her he was happily married and would not violate the bonds of marriage or the trust between him and his wife. He also told her that he did not want to hear alleged sexual problems between her and her husband. He specifically instructed her to discuss such matters with her husband and not to discuss them with him.

### THIRD CHAPTER: "THEY KNEW BUT DID NOTHING"

7. From the time of the first improper advances toward the Plaintiff by Defendant Julie Needham, the incidents were immediately and repeatedly reported by the Plaintiff to his superior, Johnathan Needham. He was told, and believes now, that his complaints and

reports were made known to Defendants. The Defendants knew, or should have known, of the complaints and reports, but did nothing because Defendant Julie Needham was in a politically sensitive and powerful position as Owner. The Plaintiff was employed as a mechanic and was only just reaching the apex of his career. No meaningful or adequate investigation was conducted by the Defendants. No meaningful or adequate remedial and disciplinary action was taken involving the conduct of the Defendant Julie Needham.

### FOURTH CHAPTER: "POLLUTING THE WORKPLACE"

8. The reprehensible conduct of Defendant Julie Needham and the failure of the Defendants to respond to the problem enabled the hostile conduct to pollute the Plaintiff's workplace, to make it virtually impossible for him to be effective in his work, difficult for him to take pride in his work, and to cause him great embarrassment in the eyes of the public, his wife, and the Plaintiff's fellow workers and colleagues.

   Even though Julie Needham had no legitimate business reason to come to the area in the trucking company where Plaintiff Shane Jones was working, she surreptitiously arranged to come into the area so she could have access to the Plaintiff. The Plaintiff complained about this obvious perverted plan to the trucking company Manager Johnathan Needham and Co-Owner Jacob Needham, but they ignored the complaints and did nothing to stop the sexual harassment. The Plaintiff is a highly-motivated and capable mechanic who has every expectation of advancing to the pinnacle of a mechanic career. The actions of the Defendants, however, have made it much more difficult for him to do his job, for him to take pride in his job, and for him to continue with his position. The actions of the Defendants have caused him to be in constant fear and turmoil. The environment created by the

Defendants is sufficiently serious or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. The Plaintiff was, therefore, wrongfully fired on November 3, 2014. He was wrongfully fired because he rejected her sexual advances.

At all times material hereto an agency relationship existed between the Defendants. The Plaintiff Shane Jones has received his Right to Sue Letter from the EEOC, and this suit has been filed within the limitation period.

## FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT

9. The Defendants are guilty of sexual harassment and are liable for damages arising therefrom. The Defendant Julie Needham was at all times acting in her capacity as owner for the Defendant trucking company, and was one of Shane Jones' supervisors. The owners of the trucking company, Defendants Julie Needham and Jacob Needham controlled and managed the Defendant trucking company, set policies, exercised the right to hire and fire, and had the right to initiate and carry out a complete and thorough investigation of this matter. The Defendants are liable for the actions of the Defendants under Restatements (Second) of Agency Section 219(2).

10. The sexual harassment of Plaintiff Shane Jones consisted of the following: He experienced unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitutes sexual harassment under [29 C.F.R. §16004.11(a)] as follows:

   a. Submission to such conduct is made either explicitly or implicitly a term or condition of his employment;

b.  submission to or rejection of such conduct by him is used as the basis of the employment decisions affecting such individual; or

c.  such conduct has the purpose or effect of unreasonably interfering with his work performance or creating an intimidating, hostile or offensive working environment.

Additionally, the Plaintiff Shane Jones experienced sexual harassment based on the existence of a hostile work environment as follows:

a.  The Plaintiff belongs to a protected class;

b.  The Plaintiff was subject to unwelcome sexual harassment;

c.  The harassment complained of was based upon sex;

d.  The harassment complained of affected a term, condition, or privilege of employment; and

e.  The existence of *respondent superior* (the employer knew or should have known of the harassment and failed to take prompt, effective remedial action).

Finally, Plaintiff Shane Jones experienced QUID PRO QUO HARASSMENT discrimination, and he:

a.  Was a member of a protected class;

b.  Was subject to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors;

c.  The harassment complained of was based on sex; and

d.  "Tangible employment action" resulted from his refusal to submit to a supervisor's sexual demands.

In accordance with 42 USC §§ 2000e-5g(1) and (K); 42 USC §1981 or (b)(1), the Plaintiff Shane Jones is entitled to receive and should receive damages and relief as follows:

a. Injunctive relief prohibiting the employer from engaging in such unlawful employment practices in the future;

b. Equitable relief, such as ordering the reinstatement or hiring of employees;

c. Backpay, less interim earnings or amounts earnable with reasonable diligence;

d. Compensatory damages;

e. Punitive damages; and

f. Reasonable attorney's fees and court costs.

Plaintiffs pray for damages in excess of Ten Thousand Dollars ($10,000.00).

11. The Plaintiffs have been substantially damaged by reason of the sexual harassment and the resulting loss of employment. In addition, Plaintiffs have experienced substantial mental and emotional distress which has interfered with and interrupted their lives. They have incurred medical expenses and been otherwise affected by these actions. Damages are alleged to exceed $100,000.00, and, in addition, the Plaintiffs are entitled to recover their attorney fees and expenses incurred herein.

WHEREFORE, the Plaintiffs pray in their First Cause of Action for judgment against the Defendants as herewith alleged for damages, attorney fees, and expenses.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

12. All preceding paragraphs are adopted.

13. The Defendants are guilty of negligence and reckless disregard for the rights of the Plaintiffs and for damages arising therefrom. The tortious conduct greatly injured and damaged the Plaintiffs. At all times material hereto, the Defendants had a duty to recognize and protect the rights of the Plaintiffs to be free from work-related sexual harassment and to timely and adequately investigate complaints of such improper activities. The Defendants wholly failed to fulfill their duties and therefore breached such duties with utter disregard of the Plaintiff's rights. The Defendants failed to timely and properly investigate and/or to take corrective actions to end the sexual harassment. At all times, Defendant Julie Needham was acting in her capacity as owner of the Defendant trucking company, and the Defendants are liable for the actions of Julie Needham under Restatement (Second) of Agency Section 219(2).

14. The Defendants are liable for punitive damages because of the nature of their actions. Accordingly, the Plaintiffs should recover from the Defendants such punitive damages in addition to actual damages.

WHEREFORE, Plaintiffs pray in their Second Cause of Action for judgment against the Defendants as herein under alleged, for both actual and punitive damages, together with attorney fees and costs.

### THIRD CAUSE OF ACTION
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15. All preceding paragraphs are adopted.

16. The wrongful conduct of the Defendants, as previously described in this Complaint, is tortious in nature.

17. Defendants are guilty of intentional and/or negligent infliction of emotional distress for which Defendants should be liable in damages.

18. The damages sustained and suffered by the Plaintiff are described and set forth above in this Complaint.

19. The Plaintiffs are entitled to, and should recover from the Defendants, damages under this cause of action. To the extent that such damages are duplicative of damages sought under the previous causes of action, this request is in the alternative.

WHEREFORE, Plaintiffs pray in their Third Cause of Action for judgment against the Defendants as hereinabove alleged, and pray that they recover damages in accordance with the above-described claims.

### FOURTH CAUSE OF ACTION
### WRONGFUL INTERFERENCE WITH CONTRACT OR BUSINESS RELATIONS BY DEFENDANT JULIE NEEDHAM (STATE LAW CLAIM)

20. All preceding paragraphs are adopted.

21. Defendant Julie Needham is guilty of wrongful interference with contract or business relations because of the following:

    a. That Shane Jones had a business or contractual right with which there was interference.

    b. That the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable.

    c. That damage was proximately sustained as a result of the complained-of interference.

22. The Plaintiffs was damaged in excess of Ten Thousand Dollars ($10,000.000).

WHEREFORE, Plaintiffs pray in their Fourth Cause of Action for judgment against the Defendant Julie Needham for damages in excess of Ten Thousand Dollars ($10,000.00), together with costs and attorney fees.

### FIFTH CAUSE OF ACTION
### VIOLATION OF OKLAHOMA EMPLOYMENT SECURITY ACT OF 1980
### (STATE LAW CLAIM)

23. All preceding paragraphs are adopted.

24. The Defendants do business in Oklahoma, and the principle place of business is located in Beckham County near Erick, Oklahoma, in the State of Oklahoma.

25. The Defendants are subject to the Oklahoma Employment Security Act of 1980, 40 O.S. § 1-101 *et seq*., and are required to set aside compulsory reserves to be used for the persons unemployed through no fault of their own.

26. The Defendants have arbitrarily chosen to illegally avoid participating in the Oklahoma Employment Security Act of 1980 and have failed and refused to register in accordance with the Act. The Defendants have not paid the required premium payments.

27. The Plaintiff Bryan "Shane" Jones is eligible for unemployment benefits and has attempted to file for such benefits, but has been denied because the Defendants do not participate as required by Oklahoma law.

28. Plaintiff Bryan "Shane" Jones is entitled to receive from the Defendants as damages the unemployment benefits, together with interest and costs.

29. Plaintiff Bryan "Shane" Jones is entitled to receive from the Defendants the attorney fees incurred in prosecuting this matter.

30.     Plaintiff Bryan "Shane" Jones is entitled to receive compensatory damages from the Defendants in an amount in excess of Ten Thousand Dollars ($10,0000).

WHEREFORE, Plaintiffs pray in their Fifth Cause of Action for judgment against the Defendants for compensatory damages in excess of Ten Thousand Dollars ($10,000.00), together with costs and attorney fees.

        Respectfully submitted,

        WILKINSON LAW FIRM


        By   s/ Bill Wilkinson
            Bill V. Wilkinson, OBA #9621
            4812 East 81 Street #302
            Tulsa, OK 74137
            Tel: 918/663-2252; Fax: 918/663-2254
            ATTORNEY FOR PLAINTIFFS

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**