# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BRYAN "SHANE" JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | NO. CIV-15-0978-HE |
| JULIE NEEDHAM; and NEEDHAM TRUCKING LLC., | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Bryan Shane Jones sued his former employer, Needham Trucking LLC ("Needham Trucking"), and his supervisor at the trucking company, Julie Needham, alleging sexually hostile work environment and quid pro quo sexual harassment claims under Title VII and supplemental state law claims. Defendants have filed a motion seeking to dismiss all but plaintiff's hostile work environment claim. They assert that plaintiff failed to exhaust his quid pro quo claim and that his remaining tort claims were abolished by the Oklahoma Anti-Discrimination Act or should be dismissed pursuant to Fed.R.Civ.P.12(b)(6). Defendants argue that plaintiff's claim against Needham Trucking for violating the Oklahoma Employment Security Act of 1980 ("OESA") fails because the statute does not create a private right of action.

Plaintiff seeks leave in his response brief to dismiss his claims for negligence and intentional and/or negligent infliction of emotional distress. Therefore, the claims in dispute consist of plaintiff's Title VII quid pro quo sexual harassment claim against Needham Trucking and his claims asserted under state law against defendant Julie Needham

individually for wrongful interference with contract or business relations and against Needham Trucking for an alleged violation of the OESA.

When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering the amended complaint under this standard, the court concludes that defendants' motion should be granted.

Quid Pro Quo Sexual Harassment

Needham Trucking contends that plaintiff's quid pro quo sexual harassment claim should be dismissed because plaintiff failed to exhaust his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. Green v. Donahoe, 760 F.3d 1135, 1140 (10th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015). The court previously noted that "[t]he briefs submitted in connection with the motion

to dismiss indicate that the central question as to exhaustion of the *quid pro quo* claim is whether or not an 'attachment' relied on by plaintiff was in fact submitted to the EEOC as part of the intake questionnaire."[1] Doc. #23, pp. 1-2. Acknowledging that "there does not appear to be any record which definitively establishes whether [the attachment] was received by the EEOC," plaintiff states in his supplemental response to defendants' motion to dismiss that "whether the attachment was received by the EEOC is moot and is no longer the central issue." Doc. #26, p. 2. He argues that because he referenced the attachment in his Intake Questionnaire, "a reasonable EEOC Investigator would have seen this notation [See attached] by the Plaintiff and searched for it." Doc. #26, p. 2. When he could not find it, plaintiff asserts the investigator "would have requested it from the Plaintiff." *Id.* at pp. 2-3.

Not only is plaintiff's argument based on multiple suppositions, there is no way to verify what information was contained in the missing attachment. While an intake questionnaire can constitute a charge of discrimination in certain situations, *see* <u>Green v. JP Morgan Chase Bank Nat'l Ass'n</u>, 501 Fed. Appx. 727, 731 (10th Cir. 2012), plaintiff cites no authority that he is entitled in circumstances such as these to rely on a document that was not even attached to the intake questionnaire to establish exhaustion.

In his second supplemental response,[2] plaintiff relies on a notation he made in the

---

[1] *Plaintiff stated in his response to the motion to dismiss, "when the EEOC prepared the charge papers, the EEOC failed to specifically allege quid pro quo sexual harassment." Doc. #12, p. 10.*

[2] *Plaintiff's unopposed motion seeking leave to file a second supplement to his response to defendants' motion to dismiss [Doc. #27] is **granted**. The attached supplement is deemed filed.*

3

Intake Questionnaire to demonstrate that he exhausted his quid pro quo claim. To satisfy the exhaustion requirement a claim must be "within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." Green, 760 F.3d at 1140. To establish quid pro quo sexual harassment, plaintiff must prove that Julie Needham "conditioned concrete employment benefits on [his] submission to sexual conduct and had [him] fired when [he] did not comply." Pinkerton v. Colo. Dep't of Transp., 563 F.3d 1052, 1060 (10th Cir. 2009).[3] Therefore, the issue is whether the notation – "Mr. Marshall was treated better because he had sex with Ms. Needham"[4] – would have triggered an inquiry into whether plaintiff's job benefits were conditioned on his submission to sexual conduct and that he suffered adverse job consequences when he refused to comply. The court concludes that statement cannot fairly be read to raise allegations of quid pro quo sexual harassment. Plaintiff's quid pro quo sexual harassment claim will be dismissed for failure to exhaust his administrative remedies prior to filing suit.

Wrongful Interference with Contract or Business Relations

Plaintiff alleges in the amended complaint that he had a business or contractual right with Needham Trucking with which defendant Julie Needham wrongfully interfered.

---

[3] *The Tenth Circuit noted in Pinkerton that "[o]f course, the Supreme Court has discouraged the categorical use of a 'quid pro quo' theory as opposed to a 'hostile work environment' theory." Pinkerton, 563 F.3d at 1060 n.4. Because it concludes plaintiff did not exhaust his quid pro quo claim, the court does not have to determine whether it can be pursued as a separate theory of recovery.*

[4] *Doc. #26-1, p. 2.*

4

Defendant Needham asserts that plaintiff's claim is precluded by the Oklahoma Anti-Discrimination Act ("OADA), which prohibits sexual harassment in the workplace. 25 Okla. Stat. § 1302(A)(1) ("It is a discriminatory practice for an employer ... to discriminate against an individual with respect to ... sex."). She contends that the OADA "abolished 'every' claim of sex discrimination and harassment based in the common law, leaving only the statutory claim permitted by the OADA itself." Doc. #9, p. 10. The statutory language is clear, she argues, as the OADA expressly states that it "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of . . . sex," *id*. at. § 1101(A), that "[a] cause of action for employment-based discrimination is hereby created and [that] any common law remedies are hereby abolished." *Id*. at. § 1350(A). Defendant Needham contends that because plaintiff's tortious interference claim relies on proof of the alleged sexual harassment – it arises out of the same transaction or occurrence as her sexual harassment claim – it was abolished by the OADA. Plaintiff responds that the OADA provision is inapplicable because his tortious interference claim is "wholly separate" from the sexual harassment claim. He also makes the somewhat remarkable assertion that the tortious interference claim "does not even mention nor rely on claims of sexual harassment" in describing the claims against Needham (Doc. #12, p. 11).[5]

---

[5]*The assertion is remarkable because the Amended Complaint's description of the tortious interference claim explicitly adopts all the proceeding paragraphs (which include the sexual harassment allegations) by reference and because it does not describe any <u>other</u> conduct allegedly constituting the wrongful interference.*

5

The court concludes plaintiff's tortious inference claim, as pleaded here, is within the scope of the OADA's limitation of common law remedies. The contract allegedly interfered with is the employment contract and relationship itself. The facts alleged to constitute the interference are the same facts as constitute the alleged sexual harassment. That overlap does not necessarily end the issue, however, and there are cases which suggest that the particular offending conduct of an individual supervisor or other agent of the employer may be of such a "highly personal" nature that it goes beyond discrimination and is separately actionable in tort. *See* Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995) (rape claim not barred by Title VII exclusive remedy provision); Cunningham v. Skilled Trade Services, Inc., CIV-15-803-D, 2015 WL 6442826 (W.D. Okla. 2015)(OADA does not bar sexual assault claim). But that is not the circumstance existing here. The complaint does not allege facts which suggest "highly personal" conduct which goes beyond discrimination. Rather, its specific factual allegations mention only verbal conduct constituting the sexual harassment. In these circumstances, the court concludes the tortious interference claim is tantamount to extension of the employment discrimination claim to the individual supervisor, a result that is contrary to the OADA's exclusive remedy provision. As a result, the claim will be dismissed.

Oklahoma Employment Security Act of 1980

Plaintiff alleges in his remaining (fifth) claim that because defendant Needham Trucking failed to comply with the OESA, he has been denied unemployment benefits. Needham Truck has moved to dismiss the claim, asserting there is no private right of action

under the statute. The court agrees. While the Act authorizes the Oklahoma Employment Security Commission to sue and collect delinquent contributions, 40 Okla. Stat. § 3-309, it does not expressly provide for a private right of action. And considering the text and structure of the OESA the court can discern no legislative intent to provide a private remedy. Plaintiff offers little argument and no authority to support his claim. Defendants' motion to dismiss plaintiff's claim asserted against Needham Trucking under the OESA will be granted.

Accordingly, defendants' partial motion to dismiss [Doc. #9] is GRANTED. Plaintiff's quid pro quo sexual harassment claim against Needham Trucking is dismissed without prejudice. His tortious interference claim against Julie Needham and his negligence claim, his intentional and/or negligent infliction of emotional distress claim and his claim asserted under the Oklahoma Employment Security Act of 1980 against Needham Trucking are also dismissed. Plaintiff's hostile work environment claim against Needham Trucking remains for resolution.

**IT IS SO ORDERED**.

Dated this 6th day of May, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE